**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL OGLES #01580740** | § | |
| | § | |
| **V.** | § | **A-16-CA-978-SS** |
| | § | |
| **L. WINGATE IPO II** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and answers to the court's questionnaire. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Price Daniels Unit. Plaintiff filed his complaint in the United States District Court for the Northern District of Texas, Lubbock Division. After receiving Plaintiff's answers to the court's questionnaire, the Lubbock court transferred Plaintiff's complaint to this Court.

Plaintiff complains that offenders convicted of "3g" or aggravated offenses are treated differently than offenders convicted of "non-3g" or non-aggravated offenses. Plaintiff explains good time credits do not affect parole eligibility for offenders convicted of "3g" or aggravated offenses. Plaintiff argues this different treatment is discrimination and favors the offenders with "non-3g" or

non-aggravated offenses. The relevant law in effect at the time of Plaintiff's offense provided as follows:

> An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), or (I), Article 42.12, Code of Criminal Procedure, or for an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

TEX. GOV'T CODE art. 508.145(d) (West 2008). Because Plaintiff was convicted of a 3g offense his parole eligibility is calculated without consideration of good conduct time.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.     Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides "that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). The Fifth Circuit has further explained "[t]o state a claim under the Equal Protection Clause, plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir.1999) (citation omitted). "A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir.1998) (per curiam) (citation omitted).

Accordingly, a rational basis test is used to evaluate Plaintiff's equal protection claim. Id. at 1037 (citation omitted). The State has a legitimate interest in preventing certain offenders from obtaining early release. See id.  Stated differently, subjecting offenders convicted of 3g or aggravated offenses to different parole procedures is reasonably related to a legitimate penological interest. See Breshears v. Garrett, No. 05-50064, 143 F. App'x 570 (5th Cir. 2005) (unpublished) (citing  Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998); Finley v. Staton, 542 F.2d 250 (5th Cir. 1976)).  Accordingly, Plaintiff's complaint is frivolous.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of September, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE